UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| BRENTEN LAVELLE and ROBIN LAVELLE,<br><br>                 Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, UNITED STATES FOREST SERVICE, an agency within the Department of Agriculture,<br><br>                 Defendants. | File No. ___23-cv-5070___<br><br><br>**COMPLAINT** |

COME NOW the Plaintiffs, Brenten Lavelle and Robin Lavelle, by and through their undersigned counsel, and for their cause of action against the Defendants, the United States of America and the United States Forest Service, an agency within the Department of Agriculture, state and allege as follows:

1) This case involves an easement granted to the United States of America, and more specifically, the Forest Service, Department of Agriculture on or about July 2, 1976, in Lawrence County, South Dakota.

2) The Plaintiffs, Brenten Lavelle and Robin Lavelle, are owners of real property in Lawrence County, South Dakota, legally described as follows:

> SW¼NW¼ of Section 17 T6N R1E of the Black Hills Meridian and the SE¼NE¼ of Section 18 T6N R1E, of the Black Hills Meridian, Lawrence County, South Dakota.

3) On or about July 2, 1976, John Richard Miller and D. Jean Miller granted to "The United States of America" "an easement sixty-six (66) feet in

1

width for a road, with as such additional width as required to accommodate and adequately protect cuts and fills, over and across the following described lands in the County of Lawrence, State of South Dakota:

> T.6N., R.1E., BHM
> Section 7: SE¼SE¼
> Section 8: SW¼SW¼
> Section 17: W½NW¼
> Section 18: SE¼NE¼

A true and correct copy of the Easement is attached hereto as Exhibit 1.

4)  Under the terms of the Easement, the Easement is not designated as a public easement or "public right of way".

5)  Further, under the terms of the Easement, "[i]f for a period of five (5) years the Grantee shall cease to use or preserve for prospective future use, the road, or any segment thereof or if at any time the Regional Forester determines that the road, or any segment thereof, is no longer needed, the easement traversed thereby shall terminate."

6)  Despite no reference in the Easement to the road as a public easement or public right of way, the Defendants have asserted that "[t]he United States of America was the Grantee of three separate rights-of-way Easements on portions of Bear Ridge Road, National Forest System Road 131, 131.1, and 131.2 in the County of Lawrence, Sections 7, 8, 17, and 18, T6N, R1E, BHM, South Dakota."

7)  Despite the fact that the Defendants have not maintained or preserved the road for more than five (5) years, or at least that portion or segment of the road which traverses the Plaintiffs' property, the Defendants have asserted that

"[t]he Forest Service has been maintaining these roads commensurate with National Forest management activities, with the last maintenance being performed on 5.1 miles of road in 2018."

8) The Defendants have not maintained any portion or segment of the road which traverses the Plaintiffs' property for more than five years.

9) The Defendants last alleged maintenance occurred in 2018, approximately five years ago.

10) The Defendants do not allege that that maintenance occurred on the portion or segment of the road which traverses the Plaintiffs' property.

11) The Defendants allege only that a portion of the "three separate rights-of-way easements", consisting of 5.1 miles of road, was maintained approximately five years ago.

12) The portion or segment of the Easement that traverses the Plaintiffs' property is not 5.1 miles long.

13) On or about February 20, 2022, the Plaintiffs, along with others, sent a letter to Mr. Jeff Tomac, Forest Supervisor, detailing the concerns with the road, the position and belief that the Easement is no longer in existence due to the lack of any maintenance, preservation, or care, and the concern that the Easement did not create a public right of way or grant the general public any right or use of the road.

14) On March 15, 2022, Mr. Jeff Tomac, Forest Supervisor, wrote to the Plaintiff, Brenten Lavelle. Despite no indication in the Easement that it was a public easement or public right of way, Mr. Tomac specifically alleged that

3

"[t]he United States of America was the grantee of three separate *rights-of-way* Easements on portions of Bear Ridge Road[.]" (emphasis added). Mr. Tomac further asserted that the Forest Service has been "maintaining these roads commensurate with National Forest management activities, with the last maintenance being performed on 5.1 miles of road in 2018."

15)     On March 18, 2022, despite having received no additional communication from the Plaintiffs, or any of the other landowners, the United States Forest Service, in concert with the Lawrence County Sheriff's Office, and potentially other agencies, organized a mass showing of force on the Plaintiffs' property, with numerous different law enforcement vehicles and an unknown number of officers, responding to the Plaintiffs' property, to discuss the Defendants' position with respect to the public nature of Bear Ridge Road.

16)     The officers' could not provide any reason or rationale for the show of force (why so many officers were necessary or why the Plaintiffs were not simply invited to the Forest Service Office to discuss the letters); nor had the Plaintiffs done anything to suggest such a show of force was necessary or required.

17)     Despite requests for documentation related to the designation of Bear Ridge Road as a public right-of-way, or documentation related to the maintenance, preservation, and care of Bear Ridge Road, as of the date of this Complaint, no such documentation has been received from the Defendants.

18)     Despite requests to discuss the status of Bear Ridge Road, the status of the Easement (public right of way vs. easement for Forest Service

4

use), and the maintenance, liability, and danger of the road, as of the date of this Complaint, the Defendants have not expressed any interest in such a meeting.

19)     To the contrary, Lou Conroy, acting District Ranger for the Black Hills National Forest, Northern Hills, emailed the Plaintiff, Brenten Lavelle, to advise him to refrain from contacting any Black Hills National Forest/Northern Hills Ranger District employees (all federal, public employees).

20)     Jurisdiction in this Court is appropriate based upon 28 U.S.C. § 1331, 28 U.S.C. § 1346(f), 28 U.S.C. § 2409A, 28 U.S.C. § 2201, and 28 U.S.C. § 1346.

21)     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because all or substantial part of the events giving rise to the claims herein occurred within this judicial district, and the affected lands are located in this judicial district.

22)     The Plaintiffs have been injured by the Defendants' actions and will continue to suffer irreparable injury unless there is judicial review. The Defendants, their employees, officers, and agents have sought and will continue to attempt to assert that the United States of America and the United States Forest Service have the right to allow the general public the use of the Easement granted to the United States of America. This controversy is ripe for federal court determination.

## QUIET TITLE PURSUANT TO 28 U.S.C. § 2409A

23)     Plaintiffs re-allege paragraphs 1 through 22 above, as set forth in their entirety.

24)     Within this action, the Plaintiffs seek to quiet title to their land with respect to the easement.

25)     The Defendants' actions authorizing and encouraging unrestricted public use of the easement (which was not dedicated or identified as a public easement) are harming and interfering with the Plaintiffs' use and enjoyment of their property.

26)     The plain text of the easement is the starting place and controls this Court's determination for understanding the limited rights granted to the Defendants under the easement. The easement was granted by the Plaintiffs' predecessors in interest, John Richard Miller and D. Jean Miller to the Defendants.

27)     The Grantors granted to the Defendants, and its assigns, an easement "sixty-six (66) feet in width for a road, with as much additional width as required to accommodate and adequately protect cuts and fills, over and across the following described lands [which included the real property now owned by the Plaintiffs]."

28)     The easement does not provide that it is for "public use" or as a "right of way."

29)     The easement further provided that "if for a period of five (5) years the Grantee shall cease to sue or preserve for prospective use, the road, or any

segment thereof or if at any time the Regional Forester determines that the road, or any segment thereof, is no longer needed, the easement traversed thereby shall terminate."

30)     The Easement does not place any burden on the landowners (including the Plaintiffs) to manage, maintain, or preserve the road.

31)     Plaintiffs are of information and belief that the Defendants have not taken any action to maintain or preserve for prospective future use the segment of the road which traverses over Plaintiffs' property.

32)     Due to the Defendants failure, inability and/or refusal to maintain or preserve the road, the Plaintiffs have been required to purchase equipment, fuel, materials, equipment maintenance, etc. and spend hours of labor and time to maintain and preserve the road.

33)     The road winds through an area of the northern Black Hills. The road is not straight, there are blind corners, and cliffs at various points on the road.

34)     Without maintenance, the road is a danger to those who use it.

35)     The Defendants authorize and encourage unrestricted public use of the road, despite the lack of any maintenance on the road by the Defendants.

36)     The Plaintiffs have inquired of the Defendants about the liability for any accidents that may occur on the road, especially in light of the fact that the Plaintiffs have been required to maintain and preserve the road due to the Defendants' failure, inability and/or refusal to do so.

37)     The Defendants have not responded to the Plaintiffs' inquiries or taken any action to maintain or preserve the road.

38)     The text of the easement itself is notable in that it grants the easement only to the United States of America and its assigns. There is no grant of this easement for general public use, access, highway purposes, or as a right of way.

39)     The easement was expressly granted to the United States of America, as a sovereign governmental entity, and not all unspecified citizens, residents, or occupants of the United States of America. The plain text of the easement contemplated that the easement was to be used solely by agents of the United States, and its express assigned representatives, but within that context that there would be actual assignments from the Defendants to those assignees who are entitled to make use of the easement.

40)     The easement text does not permit the Defendants to declare and allow that all members of the public (without limitation or identification) would have the ability to use the easement granted to the Defendants.

41)     Despite no language in the easement designating the easement for public use, or as a right-of-way, the Defendants have threatened to arrest the Plaintiff, Brenten Lavelle, if he places a sign on the road to notify the public that the road is private.

42)     The Plaintiffs are entitled to an order of this Court quieting title to their land with respect to the easement, and specifically that portion or segment of the easement which traverses the Plaintiffs' property, as follows:

- That the easement has terminated under the terms of the easement document due to the Defendants' failure to maintain or preserve the road;

- If the easement has not been terminated, confirming that the easement may not be utilized by the general public, or as a public right of way, and that it may only be used by the Defendants and/or its specific assignees.

**COUNT II – QUIET TITLE PURSUANT TO 28 U.S.C. § 2409A TO CONFIRM AND ENFORCE DEFENDANTS' OBLIGATION TO MAINTAIN AND PRESERVE THE ROAD**

43)     Plaintiffs re-allege paragraphs 1 through 42 above, as set forth in their entirety.

44)     Under the plain text of the easement, the Defendants have an obligation to "preserve for prospective future use, the road, or any segment thereof[.]"

45)     Plaintiffs are of information and belief that the Defendants have not taken any action to maintain or preserve for prospective future use the segment of the road which traverses over Plaintiffs' property.

46)     Due to the Defendants failure, inability and/or refusal to maintain or preserve the road, the Plaintiffs have been required to purchase equipment, fuel, materials, equipment maintenance, etc. and spend hours of labor and time to maintain and preserve the road.

47)    The Defendants authorize and encourage unrestricted public use of the road, despite the lack of any maintenance on the road by the Defendants.

48)    The Defendants have an obligation to take affirmative steps to preserve the road for its use.

49)    The Defendants authorization of the unrestricted use of the easement by the general public in violation of the easement document further damages the integrity of the road.

50)    The Plaintiffs are entitled to an order of this Court quieting title to their land with respect to the easement, and specifically that portion or segment of the easement which traverses the Plaintiffs' property, as follows:

- That the Defendants have an affirmative obligation to maintain and preserve the road;

- That the Plaintiffs have no obligation to maintain and preserve the road, and that the Defendants will keep the road in a safe and useable state, without any further action or commitment by the Plaintiffs; and

- That the Defendants shall be responsible for any liability, injury, or loss that arises from the maintenance, preservation, and safety of the road.

**COUNT III – DECLARATORY JUDGMENT**

51)    Plaintiffs re-allege paragraphs 1 through 50 above, as set forth in their entirety.

52)    The Plaintiffs pray for a declaratory judgment from this Court, interpreting the provisions of the easement, and declaring the rights, status, and obligations of the parties as more fully identified above.

WHEREFORE, the Plaintiffs, Brenten Lavelle and Robin Lavelle, hereby respectfully pray for a judgment against the Defendants, United States of America, United States Forest Service, an agency within the Department of Agriculture, as follows:

1)  For an order declaring that the easement has terminated under the terms of the easement document due to the Defendants' failure to maintain or preserve the road;

2)   For an order quieting title to the Plaintiffs' land with respect to the easement held by the United States, and administered by the United States Forest Service, and declaring that the easement has been terminated, or, in the alternative, that the easement may be utilized only by agents of the United States and its specific, written assignees, and that the road is not to be used for public use or as a public right of way.

3)  For an order declaring that the Defendants have an obligation to maintain and preserve the road for future use, as set forth in the easement.

4)  For an order declaring that the Plaintiffs have no obligation to maintain and preserve the road, and that the Defendants will keep the road in a safe and useable state, without any further action or commitment by the Plaintiffs.

5) For an order declaring that the Defendants shall be responsible for any liability, injury, or loss that arises from the maintenance, preservation, and safety of the road.

6) For a judgment of attorney's fees and costs incurred by the Plaintiffs to the extent permitted by law, including under the Equal Access to Justice Act, 5 U.S.C. § 2412 (d)(1); and

7) For an order granting such other and further relief as may be just and equitable under the circumstances.

Dated this 20th day of October, 2023.

This Document has been Electronically Filed

/s/ Robert J. Galbraith
ROBERT J. GALBRAITH
*Attorneys for Plaintiff*
NOONEY & SOLAY, LLP
326 Founders Park Dr. / P.O. Box 8030
Rapid City, SD  57709-8030
(605) 721-5846
robert@nooneysolay.com

**CONSISTENT WITH THE PROVISIONS OF FED. R. CIV. P. 38(b), THE DEFENDANTS HEREBY DEMAND A JURY TRIAL ON ALL ISSUES TRIABLE TO A JURY.**

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BRENTEN LAVELLE AND ROBIN LAVELLE | UNITED STATES OF AMERICA, U.S. FOREST SERVICE, an agency within the Department of Agriculture |

**(b)** County of Residence of First Listed Plaintiff  **Lawrence**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert J. Galbraith, Nooney & Solay, LLP, P.O. Box 8030, Rapid City, SD 57709-8030, (605) 721-5846

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | **PERSONAL INJURY** | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 365 Personal Injury - Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 320 Assault, Libel & Slander | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 330 Federal Employers' Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 340 Marine | | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 345 Marine Product Liability | | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 350 Motor Vehicle | **LABOR** | | |
| [ ] 195 Contract Product Liability | [ ] 355 Motor Vehicle Product Liability | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 360 Other Personal Injury | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | [ ] 362 Personal Injury - Medical Malpractice | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | **PRISONER PETITIONS** | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | **Habeas Corpus:** | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 463 Alien Detainee | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [x] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 510 Motions to Vacate Sentence | [ ] 871 IRS---Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 530 General | | |
| | | [ ] 535 Death Penalty | **IMMIGRATION** | |
| | | **Other:** | [ ] 462 Naturalization Application | |
| | | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | |
| | | [ ] 550 Civil Rights | | |
| | | [ ] 555 Prison Condition | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Quiet Title Act, 28 U.S.C. § 2409a and 28 U.S.C. § 1346(f)

Brief description of cause:
Suit to quiet title over easement, seeking equitable relief

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
10/23/2023

SIGNATURE OF ATTORNEY OF RECORD
/s/ Robert J. Galbraith

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____